IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JOSEPH L. COLEMAN,

       Plaintiff,

vs.                                    No. 06-2070-B/V

GAYLE RAY, et al.,

       Defendants.

---

ORDER ASSESSING $250 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Joseph L. Coleman, Tennessee Department of Correction ("TDOC") prisoner number 91988, an inmate at the Northwest Correctional Complex ("NWCX")[1] in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on February 1, 2006. The Court issued an order on February 9, 2006 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $250 civil filing fee. The plaintiff filed the documents required by the PLRA on February 17, 2006. The Clerk shall record the defendants as Gayle Ray, who is described as Acting TDOC Commissioner; NWCX Warden Tony Parker; NWCX Unit Manager Charles

---

[1]     The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

Gray; NWCX Counselor Melanie Dial; Jimmy Hale, who is described as an "I.R.C.," a term that is not defined, at the NWCX; and NWCX Sergeant Joel Smith.

I.   Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to

plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of
Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Plaintiff's Claims

The complaint in this case is poorly organized and somewhat unclear. Plaintiff filed two separate form complaints which assert the same claims against the same defendants in somewhat different language. Plaintiff apparently filed a motion with the Tennessee Court of Criminal Appeals to withdraw the record of his 1981 criminal appeal in order to permit him to prepare a petition pursuant to 28 U.S.C. § 2254. On May 20, 2005, the Tennessee Court of Criminal Appeals issued an order directing that the appellate record be forwarded to the warden of the plaintiff's prison and that he be granted "thirty (30) days from the filing of this order in which to review the record under the supervision of the Warden, or a representative of his staff." In re Coleman, No. W1981-00080-CCA-OT-CD, slip op. at 1-2 (Tenn. Crim. App.). The plaintiff asserts that he was afforded insufficient time to review

the record. He further interprets the order as requiring NWCX staff to assist him in preparing his federal habeas petition, and he asserts that he did not receive that assistance. The plaintiff complained to the state court, which granted him another thirty-day period for review of the record. Plaintiff contends that he was afforded insufficient access to the state-court record during that second thirty-day period.

The plaintiff asks that the defendants be held in contempt and that he be awarded damages of $25 million from each party.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a district court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and
> show that they have been exhausted by attaching a copy of

the applicable administrative dispositions to the
complaint or, in the absence of written documentation,
describe with specificity the administrative proceeding
and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d
989, 985-96 (6th Cir. 2004) (describing the standard for
demonstrating exhaustion when prison officials fail to respond in
a timely manner to a grievance), cert. denied, 125 S. Ct. 1639
(2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who
fails to allege exhaustion adequately may not amend his complaint
to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493,
503-04 (6th Cir. 2001) (no abuse of discretion for district court
to dismiss for failure to exhaust when plaintiffs did not submit
documents showing complete exhaustion of their claims or otherwise
demonstrate exhaustion). Furthermore, § 1997(e) requires the
prisoner to exhaust his administrative remedies before filing suit
and, therefore, he cannot exhaust those remedies during the
pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th
Cir. 1999). Finally, the Sixth Circuit recently has held that
district courts are required to dismiss a complaint in its
entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any
unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th
Cir. 2005).

   In this case, the plaintiff has not satisfied his burden
of demonstrating, through particularized averments, that he
exhausted his administrative remedies as to each of his claims. The
plaintiff submitted a grievance on or about June 27, 2005

(Grievance No. 8669) that named defendants Parker and Dial and that asserted that plaintiff was not afforded sufficient time to review the state-court file. A hearing was held on the grievance, a decision was issued, and the plaintiff appealed to the warden and the Assistant TDOC Commissioner for Operations. Accordingly, the plaintiff has exhausted his claims against defendants Parker and Dial. However, the plaintiff has not demonstrated that he filed any grievance that named defendants Ray, Gray, Hale, and Smith, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504.[2]

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Moreover, pursuant to the recent decision in <u>Jones Bey</u>, a district court must dismiss any complaint that

---

[2] Although the complaint alleges that plaintiff wrote to defendants Ray and Parker, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. <u>Shephard v. Wilkinson</u>, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); <u>Hewell v. Leroux</u>, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); <u>see also</u> <u>Clark v. Beebe</u>, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Letters and informal conversations are not a substitute for a formal inmate grievance.

contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[3]

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

---

[3]    As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d at 489.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 13th day of March, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4]      Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.